# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Theodore Maloy | Jeffrey Walker, Badge #3730; PO John Does 1-25; PO Jane Does 1-25, City of Philadelphia |

| (b) County of Residence of First Listed Plaintiff   Philadelphia | County of Residence of First Listed Defendant   Philadelphia |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Lloyd Long, III, Lawrence Krasner, Brian Collins, Krasner & Long, LLC, 1221 Locust St., Philadelphia, PA 19107, 215-731-9500 | Attorneys *(If Known)*<br>Law Department, City of Philadelphia, 1515 Arch St., 14ᵗʰ FL., Philadelphia, PA 19102 |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities Employment<br>☐ 446 Amer. w/Disabilities Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC §1983

Brief description of cause:
Police Misconduct and Abuse

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   Paul Diamond     DOCKET NUMBER   12-5690

DATE   12-8-14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: % Krasner & Long, 1221 Locust St. Philadelphia, PA 19107

Address of Defendant:

Place of Accident, Incident or Transaction: Philadelphia County, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☒  No☐

*RELATED CASE, IF ANY:*
Case Number: 12-5690    Judge Paul Diamond    Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Lloyd Long, III, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 12/08/2014    _____ 14    92934
                    Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/08/2014    N/A    92934
                    Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Theodore Maloy | : | CIVIL ACTION |
| v. | : | |
| Jeffrey Walker et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ☐

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ☐

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ☐

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ☐

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ☑

| | | |
|---|---|---|
| 12/08/2014 | *Chy Long III* | Theodore Maloy |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-731-9500 | 215-731-9908 | long@krasnerlong.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THEODORE MALOY** : | |
| : | |
| : | |
| **Plaintiff** : | |
| : | |
| **v.** : | |
| : | |
| : | **CIVIL ACTION** |
| **FORMER POLICE OFFICER** : | No. #14- |
| **JEFFREY WALKER (BADGE No. 3730)** : | |
| **Individually and as a Police Officer** : | |
| **for the City of Philadelphia;** : | **JURY TRIAL DEMANDED** |
| : | |
| **POLICE OFFICER JOHN DOES 1-25** : | |
| **(BADGE Nos. Presently Unknown)** : | |
| **Individually and as Police Officers** : | |
| **for the City of Philadelphia;** : | |
| : | |
| **POLICE OFFICER JANE DOES 1-25** : | |
| **(BADGE Nos. Presently Unknown)** : | |
| **Individually and as Police Officers** : | |
| **for the City of Philadelphia;** : | |
| : | |
| **and** : | |
| : | |
| **CITY OF PHILADELPHIA** : | |
| : | |
| **Defendants** : | |

## COMPLAINT

## JURISDICTION

1. Plaintiff brings this action pursuant to 42 United States Code Section 1983.
   Jurisdiction is based upon 28 United States Code Sections 1331 and 1343 (a) (1),
   (3), and (4). Plaintiff further invokes supplemental jurisdiction under 28 United
   States Code Section 1367 (a) to hear and decide claims under state law.

1

## PARTIES

2.  Plaintiff Theodore Maloy is an adult male who is and was at all material times a resident of Philadelphia, Pennsylvania.

3.  Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania that owns, operates, manages, directs, and controls the City of Philadelphia Police Department, which employed Defendant Police Officers at all times relevant to this action.

4.  Defendant Walker was at all times relevant to this action an Officer of the City of Philadelphia Police Department. He was a member of the Narcotics Strike Force or other units purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia. During the course of the incidents described herein, these Defendants were acting under color of state law.

5.  Upon information and belief, Defendant Police Officers John Doe 1-25 and Jane Doe 1-25 were at all times relevant to this action Officers of the City of Philadelphia Police Department, most of whom were members of the Narcotics Strike Force or other units dealing with the purported investigation of illegal narcotics and whose identities are presently unknown but are expected to be determined with reasonable certainty during discovery. Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia. During the course of the incidents described herein, these Defendant Officers were acting under color of state law.

2

## FACTS

6. On or about June 13, 2011, Plaintiff Theodore Maloy was in his parked car near 52nd and Baltimore Street in Philadelphia, Pennsylvania.  He was there to visit his aunt, who lived nearby.

7. Defendant Walker approached Mr. Maloy's vehicle and told him to get out. When Mr. Maloy asked what the problem was, Defendant Walker told Mr. Maloy he had a warrant for his arrest.  Defendant Walker arrested Mr. Maloy and took him to the 18th District police station.

8. Defendant Walker then went to the address on Mr. Maloy's driver's license: 952 N. 50th St, Philadelphia, Pennsylvania, to execute a search.  The address on the license was Mr. Maloy's parents' address.  Defendant Walker did not knock or announce his presence, rather, he broke down the door without warning.

9. Mr. Maloy's mother was in the home when Defendant Walker entered.

10. Later, at the 18th District police station, Defendant Walker approached Mr. Maloy in his holding cell and showed him some packets of cocaine that he claimed to have found in Mr. Maloy's parents' house.

11. Mr. Maloy was not living with his parents at the time of the search.  Mr. Maloy did not have any cocaine stored on his person nor in his parents' home.  Upon information and belief, the cocaine was never found at 952 N. 50th St, Philadelphia, Pennsylvania--Defendant Walker only claimed to have found it there.

12. As a result of the June 13, 2011 arrest, Mr. Maloy was falsely charged with the following:

    a. Manufacture, Delivery, or Possession With Intent to Deliver A Controlled Substance pursuant to pursuant to 35 P.S. §780-113; and

    b. Intentional Possession of a Controlled Substance pursuant to 35 P.S. §780-113.

13. On July 12, 2011, approximately one month after his previous encounter with Defendant Walker, Mr. Maloy was coming from his job at the City of Philadelphia Sanitation Department and stopped at a delicatessen near the intersection of 52nd and Baltimore. Mr. Maloy was standing outside and talking to his friends Jeffrey Dennis and Kevin Crowder.

14. Suddenly, Defendant Walker pulled up with two uniformed police officers. Defendant Walker walked toward Mr. Maloy and yelled for Mr. Dennis and Mr. Crowder to leave the scene, which they did. Defendant Walker proceeded to search Mr. Maloy's person, but did not find anything.

15. Defendant Walker took Mr. Maloy to the 18th District police station and left him in a holding cell. Defendant Walker returned a while later with an amber pill bottle containing cocaine, stating, "This is yours."

16. Mr. Maloy never had any drugs on his person.

17. As a result of the July 12, 2014 arrest, Mr. Maloy was falsely charged with the following:

    a. Manufacture, Delivery, or Possession With Intent to Deliver A Controlled Substance pursuant to pursuant to 35 P.S. §780-113; and

    b. Intentional Possession of a Controlled Substance pursuant to 35 P.S. §780-113.

18. Defendant Walker and other officers prepared and caused to be prepared police paperwork misrepresenting the events that led to the arrest of the Plaintiff for the incident described in this complaint.

19. Those Defendants were aware of exculpatory information about the Plaintiff.

20. Those Defendants failed to provide exculpatory information known to them to Plaintiff or his criminal counsel via police paperwork or any other means before trial.

21. The exculpatory information known to police that was not provided to the Plaintiff included the real facts and circumstances of the incident.

22. The Defendants misrepresented the events that led to the arrest and conviction of the Plaintiff.  These misrepresentations were intentional, malicious, in bad faith, recklessly indifferent and deliberately indifferent to Plaintiff's rights.

23. Defendant Walker offered false testimony against Mr. Maloy at both preliminary hearings: June 29, 2011 and July 28, 2011, testifying to facts as they were falsely recorded in police paperwork. All charges were held for court.

24. On June 8, 2012, a jury found Mr. Maloy guilty of possession with intent to deliver based on the testimony of Defendant Walker related to the July 2011 arrest. The charge of intentional possession of a controlled substance was *nolle prossed*.

25. On August 10, 2012, Honorable Glenn B. Bronson sentenced Mr. Maloy to 33 months to 10 years imprisonment.

26. On March 25, 2013, Mr. Maloy, discouraged by his first conviction based on the false testimony by Defendant Walker, pled guilty to possession with intent to

deliver on the charges stemming from the June 2011 arrest. The charge of intentional possession of a controlled substance was *nolle prossed.*

27. On March 25, 2013, Mr. Maloy was sentenced to 1.5 to 2 years incarceration followed by two years reporting probation, to run concurrent with his other sentence.

28. Mr. Maloy was incarcerated for approximately one year and seven months as a direct result of the unlawful arrests and prosecutions by defendants.

29. At the time of this incident, and for some years before, law enforcement at the highest levels knew of integrity, corruption, and civil rights violation issues involving some and/or all of the defendant officers. Federal agents and federal prosecutors knew.    The current Philadelphia Police Commissioner, his predecessors, and some of his subordinates knew. Former District Attorney Lynn Abraham and some of her subordinates, as well as her successor in office knew. The basis of this knowledge was information from multiple sources including, but not limited to, federal investigations, internal investigations, questions raised by state and federal prosecutors, and other sources.

30. On or about May 22, 2013, Defendant Walker was arrested and charged in the United States District Court for the Eastern District of Pennsylvania for acts including, *inter alia*, "by means of actual or threatened force or violence or fear of injury, immediate and future to the victim's person, and by use of a firearm; and by use of his position as a Philadelphia Police Officer, did obtain personal property, cash and marijuana unlawfully . . . "

31. The criminal complaint against Defendant Walker described the flagrant manner

6

in which he unwittingly disclosed to an FBI informant his practiced schemes to rob drug dealers of both drugs and money. He described the manner in which he would confiscate a large portion of a drug dealer's drugs for himself and report only a small portion of what he actually found in the police report. In addition, he described a scam to plant drugs in a drug dealer's car so that he could arrest the drug dealer, take the drug dealer's keys, and then use the dealer's keys to enter the drug dealer's apartment and steal money.

32. On or about May 21, 2013, Defendant Walker used the FBI informant to help carry out a plan to rob a drug dealer of money by planting cocaine in the dealer's car, taking the dealer's keys, and taking approximately $15,000 from the drug dealer's home.

33. On or about May 22, 2013, Defendant Walker was suspended from the Philadelphia Police force. He was eventually fired for misconduct.

34. On December 6, 2013, the Honorable Shelia Woods-Skipper granted Mr. Maloy's petition for post-conviction relief, ordering a new trial for both cases. The court then granted the Commonwealth's motion to *nolle prosse* all charges.

35. On February 24, 2014, Defendant Walker pled guilty to corruption charges.

36. As a direct and proximate result of the defendants' actions, Plaintiff Theodore Maloy was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law. Plaintiff was similarly deprived

7

of the right not to be the victim of conspiracies of state actors to violate the aforementioned clearly established rights.

37. The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of the Plaintiffs to freedom from use of excessive, unreasonable, and unjustified force against their person, the right to be free from malicious prosecution, and the right to due process of law.

38. The actions taken by the Defendants in this matter were taken under color of state law. Those actions are not limited to the aforementioned conduct.

39. As a direct and proximate result of the actions and/or inactions of the Defendants in this matter, Plaintiff was evicted from his apartment, suffered loss of liberty, anxiety, fear, mental harm, and other financial loss.

## COUNT I

### 42 U.S.C. § 1983 against Defendants Officers
### *Malicious Prosecution (June 2011 Arrest)*

40. All prior paragraphs are incorporated as though fully set forth herein.

41. Plaintiff was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that they, as described in detail in preceding paragraphs, violated Plaintiffs' constitutional rights while acting under color of law. More specifically, Defendants seized and arrested Plaintiff, and instituted criminal proceedings against Plaintiff without probable cause and with malice. These proceedings terminated in favor of the Plaintiff. Defendants' conduct was the direct and proximate cause of Plaintiff's harm.

8

## COUNT II

### 42 U.S.C. § 1983 against Defendants Officers
### *Malicious Prosecution (July 2011 Arrest)*

42. All prior paragraphs are incorporated as though fully set forth herein.

43. Plaintiff was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that they, as described in detail in preceding paragraphs, violated Plaintiffs' constitutional rights while acting under color of law. More specifically, Defendants seized and arrested Plaintiff, and instituted criminal proceedings against Plaintiff without probable cause and with malice. These proceedings terminated in favor of the Plaintiff. Defendants' conduct was the direct and proximate cause of Plaintiff's harm.

## COUNT III

### Supplemental State Law Claim Against Defendant Officers
### *Malicious Prosecution (June 2011 Arrest)*

44. All prior paragraphs are incorporated as though fully set forth herein.

45. Plaintiff was damaged and injured as set forth above by the Defendants in that they instituted criminal proceedings against Plaintiff without probable cause and with malice and where such proceedings were terminated in favor of the Plaintiff.

## COUNT IV

### Supplemental State Law Claim Against Defendant Officers
### *Malicious Prosecution (July 2011 Arrest)*

46. All prior paragraphs are incorporated as though fully set forth herein.

47. Plaintiff was damaged and injured as set forth above by the Defendants in that they instituted criminal proceedings against Plaintiff without probable cause and

9

with malice and where such proceedings were terminated in favor of the Plaintiff.

**COUNT V**

**42 U.S.C. Section 1983 against Defendant City of Philadelphia**

48. All prior paragraphs are incorporated as though fully set forth herein.

49. Plaintiff was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.  Prior to December 6, 2013, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiffs' rights.

50. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, infliction of emotional distress, and malicious prosecution.

51. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or re-train against, and discipline against illegal police activity, including but not limited to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, assault and battery, false imprisonment, infliction of emotional distress, and malicious prosecution..

52. There has been a longstanding history, which has been extensively documented since the 1980s, of Philadelphia Police Officers engaging in rampant illegal

conduct in narcotics investigations. A non-exhaustive list of such conduct includes:

a. In the early 1980s, in the "One Squad Scandal," a group of Philadelphia narcotics Officers were convicted of selling drugs that they had stolen from dealers.

b. During the decade between 1980-1989, a lieutenant and three officers from another drug unit, the "Five Squad," engaged in conduct including the theft of drugs and over $280,000.00 that resulted in federal convictions for, *inter alia*, racketeering.

c. In or around February 1995, Philadelphia Police Officer John Baird and five other members of the 39th Police District were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, over 40 Philadelphians. These Officers planted drugs on innocent individuals, conducted unreported raids, and stole from suspects.

d. In 1997, federal drug convictions were overturned as a result of a 1998 internal affairs finding that narcotics officer John Boucher was a potentially corrupt police officer.

e. In the last five years, numerous narcotics officers -- including, as described *supra*, some and/or all of the Defendant Officers in this matter -- have engaged in conduct causing them to have been removed from the narcotics assignments. In the last five years, as the result of a series of articles by Philadelphia Daily News reporters known as "Tainted Justice," Philadelphia Police Officers Jeffrey Cujdik, Richard Cujdik, Robert McDonnell, Thomas

11

Tolstoy, Joseph Bologna, and Thomas Deabler have all been assigned to either desk duty or non-narcotics related assignments. Those officers engaged in raids of small convenience shops in Philadelphia in which they disabled surveillance systems to hide their conduct, which included theft of cash and groceries. Jeffrey Cujdik routinely alleged criminal behavior in search warrants involving a confidential informant who subsequently denied having provided information or services on many of the cases in which Cujdik affirmed he had.

f. In May of 2013, Philadelphia Police Officer Jeffrey Walker was arrested and charged in the United States District Court for the Eastern District of Pennsylvania for acts including, *inter alia*, "by means of actual or threatened force or violence or fear of injury, immediate and future to the victim's person, and by use of a firearm; and by use of his position as a Philadelphia Police Officer, did obtain personal property, cash and marijuana unlawfully…" The criminal complaint against Defendant Walker described the flagrant manner in which he unwittingly disclosed to an FBI informant his practiced schemes to rob drug dealers of both drugs and money. He described the manner in which he would confiscate a large portion of a drug dealer's drugs for himself and report only a small portion of what he actually found in the police report. In addition, he described a scam to plant drugs in a drug dealer's car so that he could arrest the drug dealer, take the drug dealer's keys, and then use the dealer's keys to enter the drug dealer's apartment and steal money.

12

53. It was the policy and/or custom of The City of Philadelphia to inadequately supervise and train its Police Officers, including the Defendant Officers, against a code of silence or "blue code" of Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.

54. As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

55. As a result of the above actions the Plaintiffs demand judgment against Defendant City of Philadelphia in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. Section 1988.

## DAMAGES

56. All prior paragraphs are incorporated as though fully set forth herein.

57. As a result of the above actions and claims, the Plaintiff demands judgment against all defendants in the amount of all damages, including:

   a.  compensatory damages;

   b.  punitive damages;

   c.  interest;

   d.  injunctive relief;

13

    e.   such other relief as appears reasonable and just; and

    f.   reasonable attorney fees and costs under 42 U.S.C. § 1988.


_____

Lloyd Long III, Esq.

_____

Lawrence S. Krasner, Esq.

_____

Elizabeth A. Hoffman, Esq.


**KRASNER & LONG, LLC**
**Attorneys for Plaintiffs**
**1221 Locust Street**
**Philadelphia, PA 19107**
**(215) 731-9500 (p)**
**(215) 731-9908 (f)**


**Date:** 12/8/14 _____

14